SUBURBAN RULANE GAS COMPANY OF N. C., INCORPORATED v.
CHARLES H. WEEKS

No. 697DC394

(Filed 17 December 1969)

**Sales § 10; Gas § 3— seller's action for gas sold and delivered — nonsuit**

> In an action by a gas company to recover $1,260.44 plus interest for the sale and delivery of tobacco curing gas to defendant, testimony by plaintiff's office manager, which was not objected to, that plaintiff's books and records showed that 7,535 gallons of curing gas were sold and delivered to defendant at 17 cents per gallon for a total price of $1,280.95, and that a gas refund credit was due defendant in the amount of $20.51, *held* sufficient to make out a *prima facie* case.

APPEAL by defendant from *Harrell, District Judge,* at the 2 April 1969 Civil Session of WILSON District Court.

This is a civil action in which plaintiff seeks to recover $1,260.44 plus interest allegedly owed plaintiff for tobacco curing gas sold and delivered by plaintiff to defendant in July and August 1966. In his answer defendant denied the indebtedness. The parties waived jury trial and after hearing evidence introduced by plaintiff, no evidence being presented by defendant, the trial court found facts, made conclusions of law, and entered judgment in favor of plaintiff for the amount claimed by plaintiff. Defendant appealed.

*Lucas, Rand, Rose, Meyer & Jones by William R. Rand for plaintiff appellee.*

*Farris & Thomas by Robert A. Farris for defendant appellant.*

BRITT, J.

Defendant first assigns as error the failure of the trial court to grant his motion for nonsuit interposed at the conclusion of plaintiff's evidence and renewed at the close of all the evidence.

Plaintiff's only witness was Mrs. Etheridge whose testimony is summarized as follows: She had been employed by plaintiff for 15 years and for the past 4 years had served as office manager, whose duties included supervision of all accounts "within five counties surrounding Wilson County, including Wayne County (in which defendant resides)." All bookkeeping entries for plaintiff's accounts in the five counties were made under her supervision and she was familiar with plaintiff's books as they related to defendant's account. Plaintiff's books and records reveal that between 14 July 1966 and

26 August 1966 7,535 gallons of curing gas were sold and delivered to defendant in Wayne County; "that this gas was sold to Mr. Weeks at 17¢ per gallon for a total price of $1,280.95." The records further reveal a credit of $20.51 allowed for curing gas returned but no other credit. Numerous letters bearing her signature were sent to defendant demanding payment of the account.

On cross-examination Mrs. Etheridge testified that she was not present when any purported agreement was entered into, that she had never seen nor spoken to defendant, that she did not know of her own knowledge if any gas was actually delivered to defendant, that the route man who delivered the gas was not in court, and that she did not actually make the book entries or records referred to in her testimony.

It is well settled in this jurisdiction that on motion to nonsuit the evidence must be taken as true and considered in its light most favorable to plaintiff who is entitled to the benefit of every reasonable inference which may be drawn therefrom. *Insurance Co. v. Storage Co.*, 267 N.C. 679, 149 S.E. 2d 27. We hold that the evidence introduced by plaintiff, no part of which was objected to by defendant, was sufficient to make out a *prima facie* case for plaintiff and survive defendant's motion for nonsuit.

In his other assignments of error, defendant contends (1) that the trial court's findings of fact that plaintiff delivered gas to defendant for a total price of $1,280.95 and that plaintiff had made demand for payment were not supported by the evidence, (2) that the court erred in concluding as a matter of law that defendant was indebted to plaintiff in the sum of $1,260.44, and (3) that the court erred in signing the judgment in favor of plaintiff. These assignments of error are without merit. The findings of fact were fully supported by the evidence and were sufficient to support the conclusions of law and decision of the court. G.S. 1-185.

The judgment of the district court is

Affirmed.

Brock and Vaughn, JJ., concur.